JUDGE CHIN

'08 CIV 6535

Johanna Calabria (JC-3915)
CALABRIA LAW GROUP
222 Kearny Street, Suite 700
San Francisco, California 94108
Telephone:  (415) 781-7400
Facsimile:  (415) 236-6300
johanna@calabrialawgroup.com

William B. Kerr (WK-5172)
KERR & RICHARDS
14 Wall Street, 20th Floor
New York, New York 10005
Telephone:  (212) 423-0305
Facsimile:  (212) 423-0304
wkerr@KerrRichards.com

Attorneys for Plaintiff
Erica Gragg



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erica Gragg,<br><br>        Plaintiff,<br><br>against<br><br>MELISSA G. PERLMAN,<br>AMANSALA USA LLC, an Arizona<br>limited liability corporation., and<br>DOES 1-100, inclusive,<br><br>        Defendants. | No. **08 CV 6535 (DC)**<br><br>**COMPLAINT**<br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY**<br><br>ECF Case |

Plaintiff Erica Gragg, for her Complaint against defendants Melissa G. Perlman, and Amansala USA LLC. (collectively, "defendants"), alleges as follows:

### THE PARTIES

1.  Plaintiff Erica Gragg ("Ms. Gragg" or "plaintiff") is an individual and a resident and citizen of the State of California, residing at San Francisco, California.

2.  Upon information and belief, defendant Melissa G. Perlman ("Ms. Perlman") is an individual and a resident and citizen of the State of Arizona, residing at

times in Phoenix, Arizona at times in Tulum, Mexico.

3. Upon information and belief, defendant Amansala USA LLC is an Arizona limited liability company with its principal place of business located at 1522 E. Solano Drive, Phoenix, Arizona 85008 and doing business in the State of New York.

4. Upon information and belief, Ms. Perlman manages Amansala USA LLC and is its sole member.

5. Defendants Does 1-100 are additional individuals who acted on behalf of defendants and/or participated in the events giving rise to plaintiff's Complaint. The true names of these individuals are presently unknown to plaintiff; when plaintiff learns their true names, it will seek leave to amend its Complaint to identify such defendants by their true names.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 15 U.S.C. § 1119 (cancellation of trademark).

7. This Court has personal jurisdiction over Ms. Perlman because she has purposely availed herself of this District and the state of New York as a place for doing business in that, inter alia, she entered into an agreement which is the subject of this dispute with plaintiff in this District. Additionally, upon information and belief, Ms. Perlman engages in substantial business within the Southern District of New York.

8. This Court has personal jurisdiction over Amansala USA LLC because, upon information and belief, Amansala USA LLC is a corporate defendant doing business in New York, including but not limited to entering into various agreements related to this dispute with New York entities that fix dispute resolution in the State of New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

10. In or about January 2002, while both parties resided in the State of New York, Ms. Perlman and Ms. Gragg formed a business partnership to create and build what has become the Amansala resort in Tulum, Mexico ("Amansala") and the Bikini Boot Camp program.

11. Since the inception of this partnership over six years ago, Ms. Gragg has devoted considerable time, energy and resources to the development and creation of the Amansala and Bikini Boot Camp brands, as well as to the operation of the Amansala resort. It is in large part due to Ms. Gragg's efforts that Amansala and Bikini Boot Camp have become such a great success.

12. In addition to the parties' course of conduct throughout the past six years, the partnership and the terms thereof are reflected in various written documents, including but not limited to, a written confirmation by Ms. Perlman of Ms. Gragg's 20% partnership interest.

13. Recently, Ms. Gragg has learned that, despite the fact that Ms. Perlman and Ms. Gragg built the Amansala and Bikini Boot Camp brands together, Ms. Perlman fraudulently registered the following Amansala and Bikini Boot Camp marks in her own individual name or in the name of Amansala USA, LLC:

| Mark | U.S. Reg. No. | Date Registered | Registered to/Applicant |
| --- | --- | --- | --- |
| AMANSALA | 3,183,867 | December 12, 2006 | Melissa Perlman |
| AMANSALA | 3,091,439 | May 9, 2006 | Melissa Perlman |
| AMANSALA | 3,265,737 | July 17, 2007 | Melissa Perlman |
| BIKINI BOOT CAMP | 3,094,156 | May 16, 2006 | Melissa Perlman |
| BIKINI BOOT CAMP | 2,998,893 | September 20, 2005 | Melissa Perlman |
| BIKINI BOOT CAMP | Pending, Serial No. 78634441 | | Amansala USA LLC |
| BIKINI BOOT CAMP | Pending, Serial No. 77007607 | | Amansala USA LLC |

14. Prior to registering these marks in her own and in Amansala USA LLC's

names, Ms. Perlman continuously and falsely represented to Ms. Gragg that these marks would be registered for their joint benefit.

15. Upon information and belief, Ms. Perlman's intention behind these fraudulent registrations was to misappropriate for her own benefit the good will that has been developed in these marks largely through Ms. Gragg's efforts.

16. Additionally, upon information and belief, Ms. Perlman is developing or has developed several other properties "just minutes up the beach from Amansala"—including Casa de Miel, Nopalita and Casa Magna—bearing the Amansala name.

17. Upon information and belief, over $100,000 in expenses from one of these properties have been fraudulently paid from revenues to Amansala which properly belong to Ms. Gragg.

18. Upon information and belief, Ms. Perlman intends to operate the Bikini Boot Camp program at those resorts without Ms. Gragg's consent and with no intention of sharing any of the revenues which will result from the good will in the program and the brands developed by Ms. Gragg.

19. Since March 2008, Ms. Perlman has methodically and purposefully attempted to "freeze-out" Ms. Gragg from the partnership altogether—by ceasing monthly payments to Ms. Gragg in respect of Ms. Gragg's percentage share of the business, by changing the passwords on the business's email and bank accounts and blocking Ms. Gragg's access to said accounts, by physically preventing Ms. Gragg from entering the Amansala property, and by removing references to Ms. Gragg from the Amansala website.

20. Ms. Gragg has demanded Ms. Perlman to cease and desist the above-alleged conduct and to restore Ms. Gragg's payments and access to the business but Ms. Perlman has refused.

21. Ms. Perlman's actions has harmed and continues to harm Ms. Gragg's interest in the business and the business itself.

## COUNT I
### (Breach of Fiduciary Duty)
### [Against Ms. Perlman]

22.     Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.     As set forth above, Ms. Perlman held a position of trust with Ms. Gragg in that she was in a business partnership with Ms. Gragg in which Ms. Perlman held an active managing role and therefore owed a fiduciary duty to Ms. Gragg.

24.     As set forth above, Ms. Gragg is informed and believes that Ms. Perlman breached this fiduciary duty by, among other things, fraudulently registering the AMANSALA and BIKINI BOOT CAMP marks in her own name and for her own benefit despite her representations to the contrary; by devoting Amansala's resources to building competing businesses; and by blocking Ms. Gragg's access to the Amansala business and ceasing Ms. Gragg's payments in respect of her share of that business.

25.     As a result of Ms. Perlman's breach of her fiduciary duty to Ms. Gragg, Ms. Gragg has suffered significant damages.  This damage includes but is not limited to loss of revenues, the loss of control of her business and her interest in that business, and loss of good will in her business and brand.

## COUNT II
### (Breach of the Duty of Loyalty)
### [Against Ms. Perlman]

26.     Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27.     As set forth above, Ms. Perlman owed a duty of loyalty to Ms. Gragg in that she was in a business partnership with Ms. Gragg in which Ms. Perlman held an active managing role and therefore owed a fiduciary duty to Ms. Gragg.

28.     As set forth above, Ms. Gragg is informed and believes that Ms. Perlman

breached this duty by, among other things, fraudulently registering the AMANSALA and BIKINI BOOT CAMP marks in her own name and for her own benefit despite her representations to the contrary; by devoting Amansala's resources to building competing businesses; and by blocking Ms. Gragg's access to the Amansala business and ceasing Ms. Gragg's payments in respect of her share of that business.

29. As a result of Ms. Perlman's breach of her duty of loyalty to Ms. Gragg, Ms. Gragg has suffered significant damages. This damage includes but is not limited to loss of revenues, the loss of control of her business and her interest in that business, and loss of good will in her business and brand.

### COUNT III
### (Fraud by Concealment)
### [Against Ms. Perlman]

30. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 29 herein, inclusive, as if fully set forth herein.

31. As set forth above, in or about May 2005, Ms. Perlman defrauded Ms. Gragg by concealing or suppressing material facts that, despite the fact that Ms. Perlman and Ms. Gragg built the Amansala and Bikini Boot Camp brands together, Ms. Perlman fraudulently registered the following Amansala and Bikini Boot Camp marks in her own individual name or in the name of Amansala USA, LLC. Prior to registering these marks in her own and in Amansala USA LLC's names, Ms. Perlman continuously and falsely represented to Ms. Gragg that these marks would be registered for their joint benefit. Ms. Perlman's intention behind these fraudulent registrations was to misappropriate for her own benefit the good will that has been developed in these marks largely through Ms. Gragg's efforts.

32. Additionally, as set forth above, over $100,000 in expenses from competing properties have been fraudulently paid from revenues to Amansala which properly belong to Ms. Gragg.

33. Ms. Perlman concealed or suppressed material facts by telling Ms. Gragg

other facts to mislead Ms. Gragg and prevent Ms. Gragg from discovering the concealed or suppressed facts.

34. Ms. Perlman concealed or suppressed these facts with the intent to defraud and induce Ms. Gragg not to file oppositions with the U.S. Patent & Trademark Office. At the time of these acts, Ms. Gragg was unaware of the concealed or suppressed facts and would have taken the action if Ms. Gragg had known the facts.

35. Because of Ms. Gragg's reliance upon Ms. Perlman's conduct, Ms. Gragg has been damaged in an amount according to proof.

## COUNT IV
### (Breach of Agreement)
### [Against Ms. Perlman]

36. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. As set forth above, in or about January 2002, Ms. Perlman and Ms. Gragg formed a business partnership to create and build Amansala and the Bikini Boot Camp program. Since the inception of this partnership over six years ago, Ms. Gragg has devoted considerable time, energy and resources to the development and creation of the Amansala and Bikini Boot Camp brands, as well as to the operation of the Amansala resort. It is in large part due to Ms. Gragg's efforts that Amansala and Bikini Boot Camp have become such a great success. In addition to the parties' course of conduct throughout the past six years, the partnership and the terms thereof are reflected in various written documents, including but not limited to, a written confirmation by Ms. Perlman of Ms. Gragg's 20% partnership interest.

38. In or about February 2008, Ms. Perlman breached the parties' agreement by excluding Ms. Gragg from the partnership altogether—by, among other things, ceasing monthly payments to Ms. Gragg in respect of Ms. Gragg's percentage share of the business, by changing the passwords on the business's email and bank accounts and blocking Ms. Gragg's access to said accounts, by physically preventing Ms. Gragg from

entering the Amansala property, and by removing references to Ms. Gragg from the Amansala website.

39.  Ms. Gragg has performed all obligations to Ms. Perlman except those obligations Ms. Gragg was prevented or excused from performing.

40.  Ms. Gragg suffered damages proximately caused by Ms. Perlman's breach of the agreement in an amount according to proof at trial.

## COUNT V
### (Cancellation of Marks)
### [Against All Defendants]
### 15 U.S.C. § 1119, *et seq*.

41.  Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42.  As set forth above, Ms. Gragg has learned that, despite the fact that Ms. Perlman and Ms. Gragg built the Amansala and Bikini Boot Camp brands together, Ms. Perlman fraudulently registered the above-listed Amansala and Bikini Boot Camp marks in her own individual name or in the name of Amansala USA, LLC.  Prior to registering these marks in her own and in Amansala USA LLC's names, Ms. Perlman continuously and falsely represented to Ms. Gragg that these marks would be registered for their joint benefit.  In the course of registering these marks in her own and in Amansala USA LLC's names, Ms. Perlman made false statements and misrepresentations to the U.S. Patent and Trademark Office.

43.  Upon information and belief, Ms. Perlman's willfully intended to make fraudulent statements to the U.S. Patent and Trademark Office for her own benefit and gain.

## COUNT VI
### (Unjust Enrichment)
### [Against Ms. Perlman]

44.  Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     As set forth above, Ms. Perlman has been unjustly enriched by collecting revenues, since at least as early as February 2008, that belong to Ms. Gragg.

46.     Furthermore, as set forth above, Ms. Perlman has been unjustly enriched by charging expenses used to build other competing properties to Amansala (thereby decreasing revenue to Ms. Gragg) and by collecting revenues for properties built upon the Amansala and Bikini Boot Camp brands which also belong to Ms. Gragg.

47.     Accordingly, Ms. Perlman is liable to Ms. Gragg and should make immediate restitution and disgorge her unjust profits earned as a result of this unlawful exploitation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Erica Gragg prays for judgment against defendants, and each of them, as follows:

A.    ON HER FIRST CLAIM FOR RELIEF:

1.     For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's access to all email and bank accounts belonging or relating to Amansala;

2.     For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's physical access to Amansala;

3.     For an accounting of the partnership's financial records;

4.     For a declaration of Ms. Gragg's 20% interest in the partnership;

5.     For an award to plaintiff's of compensatory damages in an amount to be determined at trial;

6.     For an award to plaintiff of punitive damages in an amount to be determined at trial;

7.     For an award of plaintiff's reasonable attorneys' fees incurred in connection with this case;

B.    ON HER SECOND CLAIM FOR RELIEF:

1. For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's access to all email and bank accounts belonging or relating to Amansala;

2. For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's physical access to Amansala;

3. For an accounting of the partnership's financial records;

4. For a declaration of Ms. Gragg's 20% interest in the partnership;

5. For an award to plaintiff's of compensatory damages in an amount to be determined at trial;

6. For an award to plaintiff of punitive damages in an amount to be determined at trial;

7. For an award of plaintiff's reasonable attorneys' fees incurred in connection with this case;

C. ON HER THIRD CLAIM FOR RELIEF:

1. For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's access to all email and bank accounts belonging or relating to Amansala;

2. For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's physical access to Amansala;

3. For an accounting of the partnership's financial records;

4. For a declaration of Ms. Gragg's 20% interest in the partnership;

5. For an award to plaintiff's of compensatory damages in an amount to be determined at trial;

6. For an award to plaintiff of punitive damages in an amount to be determined at trial;

7. For an award of plaintiff's reasonable attorneys' fees incurred in connection with this case;

  D. ON HER FOURTH CLAIM FOR RELIEF:

  1. For an accounting of the partnership's financial records;

  2. For a declaration of Ms. Gragg's 20% interest in the partnership;

  3. For an award to plaintiff's of compensatory damages in an amount to be determined at trial;

  4. For an award of plaintiff's reasonable attorneys' fees incurred in connection with this case;

  E. ON HER FIFTH CLAIM FOR RELIEF:

  1. For permanent injunctive relief under 15 U.S.C. Section 1119, ordering cancellation of the following marks:

| Mark | U.S. Reg. No. | Date Registered | Registered to/Applicant |
| --- | --- | --- | --- |
| AMANSALA | 3,183,867 | December 12, 2006 | Melissa Perlman |
| AMANSALA | 3,091,439 | May 9, 2006 | Melissa Perlman |
| AMANSALA | 3,265,737 | July 17, 2007 | Melissa Perlman |
| BIKINI BOOT CAMP | 3,094,156 | May 16, 2006 | Melissa Perlman |
| BIKINI BOOT CAMP | 2,998,893 | September 20, 2005 | Melissa Perlman |
| BIKINI BOOT CAMP | Pending, Serial No. 78634441 | | Amansala USA LLC |
| BIKINI BOOT CAMP | Pending, Serial No. 77007607 | | Amansala USA LLC |

  2. For an award to plaintiff Erica Gragg of her costs and reasonable attorneys' fees;

  F. ON HER SIXTH CLAIM FOR RELIEF:

  1. For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's access to all email and bank accounts belonging or relating to Amansala;

  2. For a preliminary and permanent injunction in plaintiff's favor and against defendant Melissa Perlman restoring Ms. Gragg's physical access to Amansala;

  3. For an accounting of the partnership's financial records;

    4.       For a declaration of Ms. Gragg's 20% interest in the partnership;

    5.       For an award to plaintiff's of compensatory damages in an amount to be determined at trial;

    6.       For an award to plaintiff of punitive damages in an amount to be determined at trial;

    7.       For an award of plaintiff's reasonable attorneys' fees incurred in connection with this case;

    G.      Such other and further relief to plaintiff as the court may deem just and appropriate.

DATED: July 22, 2008

                              William B. Kerr (WK-5172)
                              KERR & RICHARDS
                              14 Wall Street, 20th Floor
                              New York, New York 10005
                              Telephone: (212) 423-0305
                              Facsimile: (212) 423-0304

## DEMAND FOR TRIAL BY JURY

Plaintiff Erica Gragg hereby demands a trial by jury on all issues so triable.

DATED: July 22, 2008

                              William B. Kerr (WK-5172)
                              KERR & RICHARDS
                              14 Wall Street, 20th Floor
                              New York, New York 10005
                              Telephone: (212) 423-0305
                              Facsimile: (212) 423-0304